UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KAREN S. FINCHUM, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 3:07-CV-254 |
| | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff Karen S. Finchum's Motion for Judgment on the Pleadings and Memorandum in Support [Docs. 13 and 14] and Defendant Commissioner's Motion for Summary Judgment and Memorandum in Support [Docs. 15 and 16]. Plaintiff Karen Finchum ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge, the final decision of Defendant Commissioner ("Defendant").

On October 20, 2004, Plaintiff filed an application for a period of disability and disability insurance benefits, claiming disability as of January 1, 2001 (Tr. 52-54). After her application was denied initially and upon reconsideration, Plaintiff requested a hearing (Tr. 42-50). On October 11, 2006, a hearing was held before an Administrative Law Judge ("ALJ") to review determination of Plaintiff's claim (Tr. 472-97). At the hearing, testimony was heard from Plaintiff and Dr. Julian Nadolsky, a Vocational Expert ("VE"). On January 26, 2007, the ALJ found that Plaintiff was not

disabled because she remained capable of performing her past relevant work as a bookkeeper and an insurance clerk (Tr. 20). The Appeals Council denied Plaintiff's request for review (Tr. 5-7). Accordingly, the ALJ's decision became the final decision of Defendant Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ Findings**

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2003.
>
> 2. The claimant has not engaged in substantial gainful activity since January 1, 2001, the alleged onset date (20 C.F.R. 404.1520(b) and 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: fibromyalgia and irritable bowel syndrome (IBS) (20 C.F.R. 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, with occasional climbing, stooping, bending, crouching, crawling and kneeling; with standing up to thirty (30) minutes continuously, and sitting for two (2) hours at a time. She would need access to a bathroom during normal breaks.
>
> 6. The claimant is able to perform past relevant work as a bookkeeper and an insurance clerk (20 C.F.R.

    404.1565).

    7. The claimant was born on November 15, 1964 and is 41 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 C.F.R. 404.1563).

    8. The claimant has at least a high school education and is able to communicate in English (20 C.F.R. 404.1564).

    9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "no disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2)).

    10. The claimant has not been under a "disability," as defined in the Social Security Act, from January 1, 2001 through the date of this decision (20 C.F.R. 404.1520(g)).

(Tr. -1720).

## II.  Disability Eligibility

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if her physical or mental impairment or impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists

3

in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work. 42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, she is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, her impairment must be severe before she can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent her from doing her past relevant work, she is not disabled.
>
> 5. Even if claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc.), she is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.150). Plaintiffs bear the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. Standard of Review

In reviewing the Commissioner's determination of whether an individual is disabled, the

4

Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).

## IV. Arguments

Plaintiff argues on appeal that the ALJ's RFC determination that she is able to perform light work is not supported by substantial evidence. She further argues the ALJ erred in not giving controlling weight to the opinion of her treating physician, Dr. Alley, and in finding her testimony to be incredible. [Doc. 14].

Defendant, in response, contends that substantial evidence supports the ALJ's finding that Plaintiff was capable of performing a range of light work on or before December 31, 2003. Defendant further argues the ALJ properly weighed the medical source opinions of record in determining Plaintiff capable of performing a range of light work and that the ALJ's credibility finding is entitled to significant deference. [Doc. 16].

5

## A.     *RFC Determination*

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ failed to consider her chronic diarrhea resulting from irritable bowel syndrome ("IBS"), which forces her to take numerous bathroom breaks during the day, and her fibromyalgia, migraine headaches, and associated fatigue in making his determination.

With respect to Plaintiff's RFC, the ALJ found that Plaintiff is able "to perform light work, with occasional climbing, stooping, bending, crouching, crawling and kneeling; with standing up to thirty (30) minutes continuously, and sitting for two (2) hours at a time. She would need access to a bathroom during normal breaks."[1] (Tr. 18).

The Court finds there is substantial evidence in the record to support the ALJ's RFC determination. In determining RFC, the ALJ must base his assessment upon all relevant evidence, which may include claimant's own description of limitations, medical records, and observations of treating physicians and others. See 20 C.F.R. § 404.1545(a). Although Dr. Alley noted Plaintiff "is felt to be completely disabled" (Tr. 264), as the ALJ correctly points out in his decision, disability determination "is a finding of fact reserved to the Commissioner (SSR 96-5p)" (Tr. 20). While Plaintiff suggests the ALJ's RFC determination is flawed because he failed to consider certain impairments, the Court finds there are no specific restrictions set forth in Plaintiff's medical records that contradict the ALJ's RFC determination, but for treatment notes prepared by Dr. Alley. However, as discussed below, the ALJ throughly and completely explained his reasons for

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday. SSR 83-10.

discounting Dr. Alley's opinion. In this case, the ALJ noted, while the record supported Plaintiff's diagnosis of IBS and fibromyalgia, he further found the medical evidence in regard to these two ailments does not support a finding that Plaintiff is "totally disabled" since Plaintiff's treatment notes "indicate that she has had noted improvement in her condition" and was mainly treated with prescription drugs and recommendations to change her diet (Tr. 18-19; 227; 305). Furthermore, the ALJ recognized in his opinion that Plaintiff also suffered from "paresthesis and pain in her joints", "intermittent headaches", "joint pain", and had "positive trigger points for fibromyalgia" (Tr. 19). He incorporated limitations from these ailments into his RFC determination by limiting Plaintiff to light work and limiting her ability to climb, stoop, bend, crouch, crawl, and kneel (Tr. 19). The Court notes neither consultative examiner, Amy Brackins, Family Nurse Practitioner, ("NP Brackins") who examined Plaintiff on July 13, 2005, nor Dr. Depersio, Plaintiff's treating physician who completed a medical source statement on June 16, 2006, found Plaintiff suffered from any work-related limitations (Tr. 372-75; 392-95). Accordingly, this Court finds that there is substantial evidence to support the ALJ's RFC determination that she can perform light work and Plaintiff's arguments to the contrary must fail.

### B. *Failure to Accord Proper Weight to Treating Physician*

Plaintiff further argues that the ALJ did not give due deference to the medical opinion of her treating physician, Dr. Alley, thus committing error in adopting the medical opinions of a non-treating nurse practitioner and another physician whose treatment was for a condition not relevant to her disability application.

Generally, the "medical opinion of the treating physician is to be given substantial deference, and if that opinion is not contradicted, complete deference must be given." Walker v. Sec'y of

Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir. 1992). The reason for such a rule is clear: the treating physician has had a greater opportunity to examine and observe the patient. Id. Further, as a result of his duty to cure the patient, the treating physician is generally more familiar with the patient's condition than are other physicians. Id. (citing Schisler v. Heckler, 787 F.2d 76, 85 (2d Cir. 1986).

In this case, the ALJ chose to discount the opinion of Dr. Alley, Plaintiff's treating physician, on the grounds that his opinion of Plaintiff's limitations was contradicted by other medical evidence in the record [Tr. 20]. Dr. Alley concluded that Plaintiff is disabled; however, as the ALJ correctly noted, such statements do not control [Tr. 20; 264]. The ultimate question of disability is reserved to the Commissioner, not the treating source. See 20 C.F.R. § 404.1527(e)(1); Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).

Second, the ALJ correctly observed that Dr. Alley's opinion that Plaintiff "is disabled is unsupported by the objective medical evidence, specifically medical evaluations and treatment notes" [Tr. 20]. Although Dr. Alley diagnosed Plaintiff with fibromyalgia, at no time did he opine Plaintiff had any disabling limitations resulting from her diagnosis, but for the Fibromyalgia Residual Functional Capacity Form he filled out. His treatment notes, while noting Plaintiff suffered from fibromyalgia, did not include any limitations in her capabilities [Tr. 282, 284, 287-91, 293-96].

Finally, the ALJ discredited Dr. Alley's opinion because it was inconsistent with Plaintiff's own testimony. The ALJ noted Plaintiff's own testimony reflects Plaintiff's activity level in that she tries to do housework when she can, she dusts and sweeps, and shares laundry responsibilities with her husband; she goes to church at least twice a week; she reads and does puzzles with her four year old daughter; she can walk less than a block; and she can lift thirty pounds if she has to (Tr. 18). The ALJ found that all of the foregoing activities were inconsistent with the restrictive limitations

imposed by Dr. Alley. Therefore, the Court finds that the ALJ reasonably did not credit Dr. Alley's opinion since based on the evidence in the record, Dr. Alley's "opinion that the claimant is disabled is unsupported by the objective medical evidence, specifically medical evaluations and treatment notes" [Tr. 20]. See Cutlip v. Sec'y of Health and Human Services, 25 F.3d 284, 287 (6th Cir. 1994) (physician opinions must be adequately supported by medical findings and consistent with evidence overall).

Plaintiff further contends the ALJ committed error with regard to the weight given to the opinions of NP Brackins and Dr. Depersio, a treating physician for ear, nose, and throat impairments. However, a closer reading of the ALJ's opinion reveals the ALJ did not adopt the medical opinions of NP Brackins and Dr. Depersio as claimed by Plaintiff, but instead considered their opinions in conjunction with the rest of the medical evidence of record as required by the regulations. In determining RFC, the ALJ must base his assessment upon all relevant evidence, which may include a claimant's own description of limitations, medical records, and observations of treating physicians. See 20 C.F.R. 404.1545(a). Accordingly, this Court finds substantial evidence supports the ALJ's determination that Plaintiff is capable of performing light work and is not disabled.

### C. Credibility Determination

Plaintiff's final argument contends that the ALJ erred in finding that she was not a credible witness. Plaintiff contends that the ALJ improperly focused on a few instances in the record that he felt indicated a non-disabling level of limitation and on Plaintiff's improvement in the level of her functioning.

An ALJ's credibility determination is given great deference because the fact finder has the unique opportunity to observe and evaluate the witness, and his assessment need only be supported

9

by substantial evidence. See Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997). Furthermore, an "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Williams v. Comm'r of Soc. Sec., 93 Fed. Appx. 34, 2004 WL 445184, at *2 (6th Cir. Mar. 9, 2004) (citing Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990)).

Although the ALJ considered Plaintiff's ability to assist her husband with household responsibilities, goes swimming for an hour or so during the summer months, and spends time with her daughter reading and doing puzzles, these daily activities were not the sole factor considered by the ALJ when determining Plaintiff's RFC or credibility. [Tr. 18; 485-90]. The ALJ's opinion clearly shows that he also considered all of the medical evidence before him, including evidence of Plaintiff's IBS and fibromyalgia as well as prescriptions given to help control the gastrointestinal symptoms. ("noted to have had remarkable improvement of her gastrointestinal (GI) symptoms since being placed on Lotronex. She was able to go out and eat. She was not having nearly the amount of diarrhea. ... [it] continued to significantly improve her quality of life") [Tr. 19; 300-305]. The ALJ also noted Dr. Edmunds "examined the claimant on March 8, 2004. She has not been seen in approximately three (3) years." [Tr. 19; 225-27]. Dr. Edmunds diagnosed Plaintiff with "probable IBS, and was to avoid milk, lettuce, and products that exacerbate her symptoms" and was advised to "continue on the Librax, Lotronex combination as this is working well. The goal is to try to taper her off the Librax as tolerated. ... increase the fiber in her diet and continue on daily fiber supplements." [Tr. 227]. Furthermore, the ALJ noted in August 2005, Plaintiff was "using Lortab two (2) to three (3) times daily with an improvement in her quality of life" [Tr. 19]. All of this evidence, taken together, more than satisfies the substantial evidence standard; therefore, the ALJ did not err in finding that Plaintiff was not a credible witness.

## V. Conclusion

Accordingly, the Court finds that substantial evidence on the record as a whole supports the ALJ's decision that Plaintiff is not disabled. It is hereby **RECOMMENDED**[2] that Plaintiff's Motion For Judgment on the Pleadings [Doc. 13] be **DENIED** and that the Commissioner's Motion for Summary Judgment [Doc. 15] be **GRANTED**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).